# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 1:00-cv-170 |
| v. | | |
| KENDEL C. O'REILLY and MARIA T. O'REILLY, | | |
| Defendants. | | |

TO: Angela Tyson-Floyd, Esq., AUSA
     Kendel C. O'Reilly, *Pro Se*
     Maria T. O'Reilly, *Pro Se*

## ORDER

THIS MATTER is before the Court upon Amended Motion to Vacate Entry of Default (Docket No. 56). This order is issued without necessity of response.

As provided in Fed. R. Civ. P. 55(c), the Court may set aside an entry of default "upon good cause shown." The determination of "good cause" is within the sound discretion of the Court. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). Moreover, courts are encouraged to exercise their discretion liberally because resolving cases on their merits is generally preferred. *Drummond v. Crime Prevention Ass'n of Philadelphia*, Civil No. 00-1540,

2000 WL 1507073 at *1 (E.D. Pa. October 10, 2000) (citing *Maxnet Holdings, Inc. v. Maxnet, Inc.,* No. 98-3921, 1999 U.S. Dist. LEXIS 899, at *3-4 (E.D. Pa. Feb. 1, 1999)).

Under the guidelines articulated by the Third Circuit Court of Appeals, the Court must consider certain factors in determining whether "good cause" exists to set aside an entry of default, including: 1.) whether setting aside the default prejudices Plaintiff, 2.) whether Defendant has a meritorious defense, 3.) whether Defendant's conduct is excusable, and 4.) whether alternative sanctions are appropriate. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987) (citations omitted).

In the matter at bar, the Court finds that Plaintiff will not be prejudiced by setting aside the default. This matter had been stayed, and only recently has the stay been lifted.

Defendants have filed a joint answer and deny that they are in default. Defendants should be allowed to present their defense.

The reason given by Defendants for missing the deadline for filing their answer was the fact that they believed that their previous counsel had filed an answer on their behalf. After they were informed that no answer had been filed and that their attorney was withdrawing as counsel of record, Defendants filed their *pro-se* answer. The Court finds that Defendants acted promptly when notified of the entry of default and that Defendants,

more than likely, were not personally responsible for said default. *See, e.g., DIRECTV, Inc. v. Adkins*, Civil No. 03-00064, 2003 WL 22299034 at *1 (W.D.Va. October 3, 2003).

Finally, the Court finds that no alternative sanction is appropriate or necessary. Based upon the foregoing, the Court finds that the factors weigh in favor of granting the motion and setting aside the entry of default.

Accordingly, it is now hereby **ORDERED**:

1. Amended Motion to Vacate Entry of Default (Docket No. 56) is **GRANTED**.

2. Clerk's Entry of Default (Docket No. 47) entered April 16, 2010, against Defendants Kendel C. O'Reilly and Maria T. O'Reilly is **VACATED**.

ENTER:

Dated: May 18, 2010

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE