DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2000-170 |
| | ) |
| KENDEL G. O'REILLY and | ) |
| MARIA T. O'REILLY, | ) |
| | ) |
| Defendants. | ) |

**Attorneys:**
**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
  *For the Plaintiffs*

**Maria T. O'Reilly,** *pro se*
**Kendel G. O'Reilly,** *pro se*
St. Croix, U.S.V.I.
  *For the Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendants' Motion to Maintain Stay, which was filed on November 21, 2012. (Dkt. No. 105). For the reasons discussed below, the Court finds that an extension of the stay in this matter is unwarranted, and Defendants' Motion to Maintain Stay will therefore be denied.

### I.   BACKGROUND

**A.   Procedural History**

Plaintiff United States of America (the "Government" or "Plaintiff") filed its original Complaint on November 17, 2000 against Kendel G. O'Reilly, Maria T. O'Reilly, and Chase

Manhattan Bank, N.A. ("Chase Bank" or the "Bank"), bringing this action to foreclose a real estate mortgage. (Compl., Dkt. No. 1 at 1). The Government filed a Notice of Lis Pendens on November 17, 2000 (Dkt. No. 2). Chase Bank filed its Answer on March 22, 2001. (Dkt. No. 6).

By Order dated May 22, 2001, all proceedings were stayed due to the Petition for Emergency Bankruptcy of Defendants Kendel G. O'Reilly and Maria T. O'Reilly (collectively, the "O'Reillys" or "Defendants"). (Dkt. No. 11 at 1). On October 30, 2003, the Magistrate Judge ordered that the foreclosure file be closed administratively (to be re-opened at any time by Plaintiff in conformity with bankruptcy law), because the parties stated that the "O'Reilly Defendants remain in Chapter 13 bankruptcy and that there is currently in place a five year plan to work our arrears and keep the mortgage current." (Dkt. No. 15).

On September 7, 2005, the Government notified the Court that it wished to proceed with foreclosure, as the O'Reillys were discharged by voluntary withdrawal from their bankruptcy proceedings. (Dkt. No. 16 at 1). On September 8, 2005, upon notice that the Bankruptcy Court had discharged the O'Reillys, the Magistrate Judge ordered that the Government may proceed with the foreclosure. (Dkt. No. 17 at 1). On November 28, 2006, Maria T. O'Reilly submitted a Motion for Stay of Foreclosure Action, pending resolution of the parties' rights in the class action *Chiang v. Johanns*, Civil Action No. 2000-004. (Dkt. No. 19). The Magistrate Judge granted the Motion for Stay of Foreclosure Action on December 19, 2007. (Dkt. No. 20).

Between 2008 and March 9, 2010, there were various motions for stay, motions to lift stay, scheduling orders, and status conferences. (Dkt Nos. 21–35). On March 30, 2010, the Magistrate Judge granted the Government's unopposed Motion to Dismiss Chase Bank, on the grounds that the Bank had released any interests it may have had in the property. (Dkt. No. 37).

On April 16, 2010, the Clerk of the Court entered default judgment against the O'Reillys for failure to answer, plead, or otherwise defend pursuant to the Federal Rules of Civil Procedure. (Dkt. No. 47). The O'Reillys then filed an Answer on April 28, 2010 (Dkt. No. 58), and on May 18, 2010, the Magistrate Judge granted their Motion to Vacate the Clerk's Entry of Default. (Dkt. No. 61). The O'Reillys filed a second Answer on June 24, 2010, making general denials and noting that "Defendants tried on many occasions to make an agreement with lender and was told they will only accept the full amount of default payment." (Dkt. No. 63 at 1). The Magistrate Judge issued a Scheduling Order on July 20, 2010, with a schedule for discovery and motions and a trial date of December 29, 2010. (Dkt. No. 65).

On October 27, 2010, the Government filed the instant Motion for Summary Judgment. (Dkt. No. 66). The trial was rescheduled for February 7, 2011. (Dkt. No. 70). On January 14, 2011, the O'Reillys filed their Opposition to Plaintiff's Motion for Summary Judgment (Dkt. No. 72). On the same day, the O'Reillys also filed a Motion to Continue the trial on the grounds that they were "trying to work on [a] repayment plan to cure said Mortgage loan" and that they "need[ed] more time to prepare for trial." (Dkt. No. 73). The Magistrate Judge granted Defendants' Motion to Continue on January 24, 2011. (Dkt. No. 74). Then, on April 8, 2011, the parties filed a Joint Stipulation to Stay Proceedings for six months through September 29, 2011, stating that Plaintiff had determined that Defendants qualified for a short cure re-amortization. (Dkt. No. 80 at 1–2). On April 11, 2011, the Court approved the Joint Stipulation and stayed the foreclosure action for six months, until October 11, 2011. (Dkt. No. 81 at 1). The trial was rescheduled for October 13, 2011. (Dkt. No. 82).

On September 22, 2011, the parties filed a "Joint Stipulation to Extend Stay and to Continue Trial Date," stating that "[i]n a show of good faith, Defendants have tendered and the

3

Plaintiff has accepted a payment of $6,000 toward the outstanding arrearages," but that "Defendants have not returned the signed re-amortization agreement to the local office, and are now delinquent two payments."  (Dkt. No. 86 at 1–2).  The parties further represented that "Defendants will remain in a sort of 'probationary' period until December 31, 2011, to continue to monitor their payments and before the mortgage is fully reinstated."  *Id.* at 2.  The Magistrate Judge approved the Joint Stipulation and continued the trial until March 1, 2012.  (Dkt. No. 87).

On January 11, 2012, the Government filed an "Amended Motion to Lift Stay," noting that:  "Unfortunately Defendants have not been able to comply with the terms of the short cure re-amortization and are presently in default. Plaintiff has once again accelerated the mortgage."  (Dkt. No. 92).  The Magistrate Judge granted the motion to lift the stay on January 18, 2012.  (Dkt. No. 93).  On January 31, 2012, the O'Reillys filed another Motion for Stay, stating that they were in the process of obtaining a mortgage with Nova Scotia Bank.  (Dkt. No. 96).  The Magistrate Judge granted the Motion, staying the foreclosure action for sixty days from February 14, 2012.  (Dkt. No. 98).

On April 23, 2012, the O'Reillys filed a Motion for Continuance on the grounds that:  (1) "The Defendants was [sic] informed by the Bank of some items on defendants report;" (2) "The Bank has requested that the defendants make contact and have the discrepancy removed;" (3) "The Defendants will be leaving the island for surgery and treatment;" and (4) "The Defendants are expected to be back on island in September."  (Dkt. No. 99).  On May 21, 2012, the Court granted the Motion for Continuance; stayed the case through October 31, 2012; ordered Plaintiff to file a status report with the Court by November 1, 2012 regarding the necessity for further proceedings; and rescheduled the trial for February 14, 2013.  (Dkt. No. 102 at 1–2).

On October 25, 2012, the Government filed a Status Report, as ordered by the Court.

4

(Dkt. No. 104). In that Status Report, the Government stated that Defendants had been trying to seek refinancing of the mortgage through a private local lender, but that "[b]etween May 21, 2012 and October 21, 2012, Defendants failed to provide any reports to Plaintiff's counsel regarding their success in seeking to refinance their mortgage." *Id.* at 1. The Government further stated that in a telephone conversation, Kendel O'Reilly informed the Government's attorney "that he and his wife were unable to refinance their mortgage, his wife was still in the States undergoing medical treatment, and that he was unemployed and receiving unemployment compensation." *Id.* at 1–2. Furthermore, Kendel O'Reilly "expressed that he could not see how he and his wife could cure the default to avoid foreclosure of their home." *Id.* at 2.

In the Status Report, the Government noted that "[t]his matter has been pending for almost 12 years," and that "Defendants have had many opportunities to save their home from foreclosure through a sale of the property, or by refinancing, and have not been able to produce a feasible plan to avoid foreclosure." *Id.* Moreover, the Government noted that the O'Reillys were unable to make the monthly payments provided under the re-amortization agreement. *Id.* According to the Government, it has "exercised extraordinary forbearance in this action," and "[t]he time has come for the parties to move forward." *Id.* Therefore, the Government requested that the Court rule in its favor on its outstanding Motion for Summary Judgment. *Id.*

On November 21, 2012, the O'Reillys filed the instant Motion to Maintain Stay, noting that "Ms. O'Reilly is still . . . under[going] medical treatment and is still trying to resolve this matter." (Dkt. No. 105 at 1). The O'Reillys disagreed with the Government's assertion that they had not done anything to resolve this matter, noting that they had contacted the Bank of Nova Scotia but were unable to refinance the Mortgage. *Id.* Defendants admitted that they entered into an agreement with the Government, but that due to unforeseen matters, they were unable to

5

make the required payments. *Id.* By their Motion, the O'Reillys are "requesting an opportunity to resolve this matter in [a] manner that will be beneficial to both parties," and ask that, in the event the Property is sold, the Court and the Government consider the Mortgage to be paid in full. *Id.*

Attached to the Motion to Maintain Stay is a "Certificate of Illness Injury" signed by a medical doctor and clinic director, stating that Defendant Maria O'Reilly is unable to work from October 31, 2012 to April 30, 2013 due to illness. (Dkt. No. 105-1). The Certificate states that Ms. O'Reilly "also may not travel," as "patient is undergoing medical evaluation and treatment." (*Id.*).

The Government filed its "Opposition to Defendants' Motion to Extend the Stay in this Matter" on December 5, 2012. (Dkt. No. 106). In that Opposition, the Government argued that "Defendants[] have not been able to produce a plan to refinance their mortgage with a private lender or to comply with the terms of a re-amortization agreement entered into by Defendants back in July of 2011." *Id.* at 1. The Government further argued that "[u]nder the terms of that [re-amortization] agreement, Defendants were to make monthly payments of $2,073.74 for a period of six months," and that these payments were required to be timely. *Id.* However, "Defendants were unable to make even the first payment under the re-amortized agreement, and are presently in default." *Id.* The Government noted that, since defaulting on the re-amortized agreement, Defendants tried but failed to secure refinancing through a local bank. *Id.* According to the Government, "Defendants have offered no options as to how they will be able to come up with money to pay off the substantial arrears that have accumulated over the last 12 years since this foreclosure matter has been pending." *Id.* at 1–2. As "Defendants have exhausted all options to save their home at this juncture," the Government again requests a ruling on their outstanding motion for summary judgment. *Id.* at 2. The Government further noted that "Defendants are not precluded

6

from continuing to seek assistance to save their home up through the redemption period," but that "in the interest of justice, and in bringing finality to this matter that has been pending since the year 2000, Plaintiff believes that this matter must come to an end." *Id.*

**B.      Factual Background**

In a promissory note dated September 20, 1991 (the "Note"), Defendants Kendel G. O'Reilly and Maria T. O'Reilly promised to pay the Government the principal sum of $81,000.00 together with interest at a rate of 8.75% per year. (*See* Note, Dkt. No. 67-1).[1] The O'Reillys also entered into a real estate mortgage (the "Mortgage") with the Government to secure payment of the Note. (Dkt. No. 67-2). The Mortgage concerns the property situated in St. Croix and described as:

> Plot No. 551 Estate Work & Rest, Company Quarter, consisting of 0.2377 U.S. acre, more or less, as shown on PWD Drawing No. 4635 dated 8/29/90, revised 4/4/91

(the "Property"). *Id.* at 1. Additionally, the O'Reillys entered into a Subsidy Repayment Agreement with the Government which, upon foreclosure of the Mortgage, allows the Government to recapture interest credits previously granted to the O'Reillys. (Dkt. No. 67-3).

On June 20, 1997, the O'Reillys and the Government entered into a Reamortization Agreement, which capitalized the then-outstanding balance of $80,532.56 and converted it to principal to be repaid at 8.75% per year. (Dkt. No. 67-4). The O'Reillys were in default as of September 20, 1999. (Dkt. No. 67-5 at 1).

The Government has stated: "The O'Reillys have failed to make the required payments to the United States under the terms and conditions of the Note, Mortgage and Reamortization and/or Deferral Agreement, and are therefore in default." (Dkt. No. 67 at 2). "Accordingly, the

---

[1] In executing the Note, the United States acted through the Farmers Home Administration, which has since been succeeded by Rural Development, a unit of the U.S. Department of Agriculture.

United States has demanded immediate payment of the entire unpaid principal, accrued interest and other charges due under the Note." *Id.*

## II. DISCUSSION

In their Motion to Maintain Stay, Defendants ask the Court to continue the trial because Ms. O'Reilly "is still under[going] medical treatment and is still trying to resolve this matter." (Dkt. No. 105 at 1). Defendants are "requesting an opportunity to resolve this matter in a manner that will be beneficial to both parties." *Id.* In opposition, the Government asks the Court to deny the Motion, arguing that "Defendants have offered no options as to how they will be able to come up with money to pay off the substantial arrears that have accumulated over the last 12 years since this foreclosure matter has been pending." (Dkt. No. 106 at 1–2).

"The matter of continuance is traditionally within the discretion of the trial judge." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). In deciding whether to grant or deny a continuance, trial judges are to act "fairly and reasonably," and a trial court's decision to deny a continuance will be reversed only if an abuse of discretion is shown. *United States v. Kikumura*, 947 F.2d 72, 78 (3d Cir. 1991). Denying a request for a continuance constitutes an abuse of discretion only when it is "so arbitrary as to violate due process." *Ungar*, 376 U.S. at 589; *see also Kikumura*, 947 F.2d at 78; *United States v. Bittenbender*, 359 F. App'x 298, 299 (3d Cir. 2009). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process." *Ungar*, 376 U.S. at 589. "The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id.*

Here, the original Complaint was filed in 2000. (Dkt. No. 1). Since then, the proceedings have been stayed or continued several times over a twelve-year period. Over the

8

years, the parties have attempted to pursue solutions to avoid foreclosure. Those attempts have been unsuccessful. Moreover, Defendants offer no proposal or viable solution, either for the present or for the future. Rather, they merely note that due to unforeseen matters, they were unable to meet their payment obligations. (*See* Dkt. No. 105 at 1). While the Court is sympathetic to the O'Reillys' plight, the Court believes that the procedural history of this matter clearly demonstrates that the O'Reillys have been provided more than sufficient time over the twelve-year duration of this case to attempt to achieve a resolution of this matter that would avoid foreclosure. The Court agrees that the circumstances here reflect "extraordinary forbearance" by the Government, (*see* Dkt. No. 104 at 2), and that the continued stay of this matter is not justified. Accordingly, the Court will deny the O'Reillys' Motion to Maintain Stay.

### III.   CONCLUSION

For the reasons discussed above, the Court denies Defendants' Motion to Maintain Stay. An appropriate Order accompanies this Memorandum Opinion.

Date:  February 4, 2013                             _____/s/_____
                                                                        WILMA A. LEWIS
                                                                        District Judge