DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

_____
                                            )
**UNITED STATES OF AMERICA,**               )
                                            )
            **Plaintiff,**                  )
                                            )
        v.                                  )   Civil Action No. 2000-170
                                            )
**KENDEL G. O'REILLY and**                  )
**MARIA T. O'REILLY,**                      )
                                            )
            **Defendants.**                 )
_____)

**Attorneys:**
**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiffs*

**Maria T. O'Reilly,** *pro se*
**Kendel G. O'Reilly,** *pro se*
St. Croix, U.S.V.I.
    *For the Defendants*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendants' request for a stay, which was filed on February 25, 2013 (Dkt. No. 113). For the reasons discussed below, the Court finds that staying the proceedings is not warranted, and Defendants' request to stay the proceedings will therefore be denied.

Although Defendants' filing is captioned an "Answer," the Court construes the submission as a Motion to Stay. *See Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 195 (3d Cir. 2008) ("[I]t is the relief desired, not the title of the motion, that dictates how this Court should view a particular filing."). Unlike an answer, Defendants' submission does not offer

admissions, denials, or defenses in response to Plaintiff's Complaint, but instead asks the Court to maintain a stay in this matter. *See id.*

Defendants' submission is substantially similar to a previous "Motion to Maintain Stay" filed by the O'Reillys on November 21, 2012, (Dkt. No. 105), which the Government opposed (Dkt. No. 106).[1] On February 4, 2013, the Court issued a Memorandum Opinion (Dkt. No. 108) and Order (Dkt. No. 107) denying Defendants' Motion to Maintain Stay. In its Memorandum Opinion, the Court noted that: the original Complaint was filed in 2000; the proceedings were then stayed or continued several times over a twelve-year period; the parties' attempts to avoid foreclosure have been unsuccessful; and the O'Reillys offered no proposal or viable solution to avoid foreclosure. (Dkt. No. 108 at 8–9). The Court stated that "the procedural history of this matter clearly demonstrates that the O'Reillys have been provided more than sufficient time over the twelve-year duration of this case to attempt to achieve a resolution of this matter that would avoid foreclosure." *Id.* at 9. Therefore, the Court found that a continued stay of this matter was not justified, and denied the O'Reillys' Motion to Maintain Stay. *Id.*

In their instant filing, Defendants do not offer any argument or evidence that circumstances have changed since their previous Motion to Maintain Stay. Nor does the instant submission present any compelling justification for the Court to come to a different conclusion than it did in its Memorandum Opinion dated February 4, 2013 (Dkt. No. 108).[2] The Court

---

[1] The procedural history of the case is summarized in greater detail in the Court's Memorandum Opinion issued on February 4, 2013. (*See* Dkt. No. 108 at 1–7).

[2] Thus, to the extent that Defendants are seeking reconsideration of the Court's earlier ruling, they have failed to demonstrate an intervening change in the controlling law, new evidence, a clear error of law or fact, or the need to prevent manifest injustice. Therefore, they have failed to meet the applicable legal standard. *See, e.g.*, *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (stating that "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'") (quoting *Max's Seafood Café v.*

again finds that "the procedural history of this matter clearly demonstrates that the O'Reillys have been provided more than sufficient time over the twelve-year duration of this case to attempt to achieve a resolution of this matter that would avoid foreclosure." (*See* Dkt. No. 108 at 9). Accordingly, the Court will deny Defendants' request to stay the proceedings.

**UPON CONSIDERATION** of the foregoing, the Court's Memorandum Opinion issued on February 4, 2013 (Dkt. No. 108), and the entire record herein, it is hereby

**ORDERED** that Defendants' request for a stay of the proceedings (Dkt. No. 113) is **DENIED.**

**SO ORDERED.**

Date:  June 7, 2013                     _____/s/_____
                                        WILMA A. LEWIS
                                        District Judge

---

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *Johnson v. Morgan*, No. 12–3770, 2013 WL 311397 at *2 (3d Cir. Jan. 28, 2013) (noting that "a proper reconsideration motion must" demonstrate "either (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.").