DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2000-170 |
| KENDEL G. O'REILLY and<br>MARIA T. O'REILLY, | ) | |
| Defendants. | ) | |

**Attorneys:**
**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Maria T. O'Reilly,** *pro se*
**Kendel G. O'Reilly,** *pro se*
St. Croix, U.S.V.I.
    *For the Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 66), Defendants' "Opposition to Plaintiff's Motion for Summary Judgment" (Dkt. No. 72), Plaintiff's Supplement to its Motion for Summary Judgment (Dkt. No 117), Defendants' Response thereto (Dkt. No. 118),[1] and Plaintiff's Reply (Dkt. No. 119). For the reasons discussed below, the Court finds that there are no genuine issues of material fact, and therefore

---

[1] Although Defendants' filing is captioned an "Answer," the Court construes the submission as a Response to Plaintiff's Motion for Summary Judgment. *Cf. Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 195 (3d Cir. 2008) ("[I]t is the relief desired, not the title of the motion, that dictates how this Court should view a particular filing.").

summary judgment will be granted in favor of Plaintiff.

## I.     BACKGROUND

**A.     Factual Background**

In a promissory note dated September 20, 1991 (the "Note"), Defendants Kendel G. O'Reilly and Maria T. O'Reilly (collectively, the "O'Reillys" or "Defendants") promised to pay Plaintiff United States of America (the "Government" or "Plaintiff") the principal sum of $81,000.00 together with interest at a rate of 8.75% per year. (*See* Note, Dkt. No. 67-1).[2] The O'Reillys also entered into a real estate mortgage (the "Mortgage") with the Government to secure payment of the Note. (Dkt. No. 67-2). The Mortgage concerns the property situated in St. Croix and described as:

> Plot No. 551 Estate Work & Rest, Company Quarter, consisting of 0.2377 U.S. acre, more or less, as shown on PWD Drawing No. 4635 dated 8/29/90, revised 4/4/91

(the "Property"). *Id.* at 1. Additionally, the O'Reillys and the Government entered into a Subsidy Repayment Agreement which, upon foreclosure of the Mortgage, allows the Government to recapture interest credits previously granted to the O'Reillys. (Dkt. No. 67-3).

On June 20, 1997, the O'Reillys and the Government entered into a Reamortization Agreement, which capitalized the then outstanding balance of $80,532.56 and converted it to principal to be repaid at 8.75% per year. (Dkt. No. 67-4). According to the Government, the O'Reillys were originally in default as of September 20, 1999, but after crediting certain funds received by the O'Reillys to the account, the default date was changed to November 20, 2000. (*See* Dkt. No. 67-5 at 1; Dkt. No. 117-1 ¶¶ 3, 6; Dkt. No. 117-2 at 1).

---

[2] In executing the Note, the United States acted through the Farmers Home Administration, which has since been succeeded by Rural Development, a unit of the U.S. Department of Agriculture.

2

The Government has stated: "The O'Reillys have failed to make the required payments to the United States under the terms and conditions of the Note, Mortgage and Reamortization and/or Deferral Agreement, and are therefore in default." (Dkt. No. 67 at 2). "Accordingly, the United States has demanded immediate payment of the entire unpaid principal, accrued interest and other charges due under the Note." *Id.* As stated in the Affidavit of Marilyn Cardoza, Single Family Housing Loan Specialist, and in the Certificate of Indebtedness and Payoff Information Sheet, the O'Reillys' total indebtedness amounted to $194,285.75 as of March 1, 2013, plus interest on the Note of $19.10 per day thereafter. (*See id.* ¶¶ 1–12, 12(d); Dkt. No. 172-2 at 2).

**B.     Procedural History[3]**

On October 27, 2010, the Government filed the instant Motion for Summary Judgment. (Dkt. No. 66). Following the imposition of a stay of proceedings at the parties' request (*see* Dkt. Nos. 73, 80, 86) and subsequently at Defendant's request (Dkt. Nos. 96, 102), the Government filed a Status Report on October 25, 2012. (Dkt. No. 104). In the Status Report, the Government represented that attempts to resolve the matter had been unsuccessful and that the Court should proceed to address the Government's pending Motion for Summary Judgment. (*See id.* at 2).

The O'Reillys responded with a Motion to Maintain Stay, which the Court denied by a Memorandum Opinion and Order dated February 4, 2013. (*See* Dkt. Nos. 107, 108). By separate Order entered on the same date, the Court required Plaintiff to: update the information and relevant amounts provided in the Payoff Information Sheet that the Government previously

---

[3] The procedural history of this case, which commenced with the filing of the Complaint on November 1, 2000 and has included several stays of the proceedings for various reasons over the past thirteen years, was set forth in detail in the Court's February 4, 2013 Memorandum Opinion in this matter. (*See* Dkt. No. 108). The procedural history set forth herein is limited to that necessary for the adjudication of the pending Motion for Summary Judgment.

3

filed with the Court on October 27, 2010 (Dkt. No. 67-5); explain certain line items therein; provide an updated statement of the total amount claimed to be owed by Defendants on the note and mortgage, including all amounts corresponding to principal, interest, subsidy recapture, and any applicable costs and fees; and credit all relevant payments made by Defendants.  (*See* Dkt. No. 109 at 1–2).  The Court further provided a deadline for any response by Defendants, ordering that any such response shall indicate whether Defendants dispute the amounts owed as claimed in the Government's submissions, and shall include the factual basis and any evidence in support of such opposition.  (*See* Dkt. No. 109 at 2; Dkt. No. 115 at 2).

In response to the Court's Order, on March 11, 2013, Plaintiff submitted its "Supplement to Plaintiff's Motion for Summary Judgment Regarding Amount of Indebtedness Presently Owed by Defendants."  (Dkt. No. 117).  Plaintiff included two exhibits with its Supplement:  (1) an Affidavit of Marilyn Cardoza, a loan specialist with the Department of Agriculture's Rural Development agency, certifying the amount of the debt owed by Defendants (Dkt. No. 117-1); and (2) a Certificate of Indebtedness and Payoff Information Sheet dated March 1, 2013 (Dkt. No. 117-2).  The Affidavit explains the various line items and calculations in the Payoff Information Sheet, which states that the total amount owed by Defendants as of March 1, 2013 was $194,285.75, plus interest on the Note of $19.10 per day thereafter.  (*See* Dkt. No. 117-1 at 3–5; Dkt. No. 117-2 at 2).

On March 25, 2013, Defendants filed a Response opposing the entry of judgment against Defendants.  (*See* Dkt. No. 118).  In Defendants' Response, they state that they object to Plaintiff's claims for the following reasons:  (1) Defendants previously "made payment through Bankruptcy Plan in the sum of $730.00 Dollars [in] case # 12 Bk2001" and now request to know what happened to this payment; (2) "Defendants requested to have the matter dismissed because

4

defendants became unemployed in 2004"; (3) "[a]t time of lending the Defendants['] mortgage policy did not include escrow and payment was not agreed upon"; and (4) "Defendants feel this matter could have been settle[d] when Defendants requested to make payment in 2004 if Rural Development had allow[ed] it." (Dkt. No. 118 at 1–2). Defendants did not submit any affidavits, exhibits, supporting documents, or other evidence.

On April 8, 2013, Plaintiff filed a "Reply to Defendants' Response to Plaintiff's Supplement to the Motion for Summary Judgment Regarding Amount of Indebtedness." (Dkt. No. 119). With regard to the alleged $730.00 payment, the Government represents that its thorough research of the history of Defendants' payments revealed "no instance in which any payment received on the debt in this matter could be attributed to payments under a bankruptcy plan of reorganization." (*Id.* at 1). Plaintiff further notes that all payments received from Defendants have been credited and applied in calculating the current indebtedness owed on the Note and Mortgage, as stated in the Affidavit of Marilyn Cardoza. (*Id.* at 1–2). Although Plaintiff requested that Defendants provide proof of their alleged payments, Defendants have failed to provide any such documentation. (*Id.* at 2). In any event, Plaintiff represents that if any documents verifying Defendants' alleged payment of $730.00 are found, the payment would be credited to Defendants' mortgage account. (*Id.* at 3).[4]

## II. APPLICABLE LEGAL PRINCIPLES

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Nicini v. Morra*, 212 F.3d 798, 805-

---

[4] The Government further notes that it does not seek to recover deficiencies against defendants in foreclosure actions between the actual foreclosure sale price and the judgment awarded. (*See* Dkt. No. 119 at 2–3).

5

806 (3d Cir. 2000) (en banc); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [] vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991); *see also Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000) ("At summary judgment, a plaintiff cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To demonstrate that there is a genuinely disputed issue of fact, the non-moving party "cannot avert summary judgment by resting on the allegations in his pleadings, but rather must present evidence from which a jury could find in his favor." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 251 n.12 (3d Cir. 2010) (citing *Ridgewood*, 172 F.3d at 252).

The non-moving party must therefore cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or demonstrate that the adverse party has failed to establish that there is no question of fact. Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the evidence, the Court "must view all of the facts in the light most favorable to the non-moving party" and must give the non-moving party the benefit of every reasonable inference that can be drawn from the

record. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted).

To succeed on a foreclosure claim, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009).

### III. DISCUSSION

The Government has submitted a promissory note dated September 20, 1991 (the "Note"), signed by Defendants Kendel G. O'Reilly and Maria T. O'Reilly, in which Defendants promised to pay the Government a principal sum of $81,000.00 together with interest at a rate of 8.75% per year. (*See* Note, Dkt. No. 67-1). The Government also submitted a real estate mortgage (the "Mortgage"), signed on September 20, 1991 by Kendel G. O'Reilly and Maria T. O'Reilly, to secure payment of the Note. (*See* Dkt. No. 67-2). The Mortgage concerns the Property situated in St. Croix and described above ("Plot No. 551 Estate Work & Rest, Company Quarter, consisting of 0.2377 U.S. acre, more or less, as shown on PWD Drawing No. 4635 dated 8/29/90, revised 4/4/91"). *Id.* at 1. The Government also provided a Reamortization Agreement dated June 20, 1997 and executed by Maria O'Reilly and Kendel O'Reilly. (Dkt. No. 67-4). The Reamortization Agreement capitalized the then outstanding balance of $80,532.56 and converted it to principal to be repaid at 8.75% per year, with monthly payments of $648.00. *Id.*

Based on the foregoing, the Government has shown that Defendants executed a promissory note and mortgage. Defendants have not argued to the contrary and have not put forth any evidence suggesting otherwise. In their Motion to Maintain Stay, Defendants stated

7

that they do not disagree that they entered into an agreement with the Government, but that they were unable to make their payments due to unforeseen matters.  (Dkt. No. 105 at 1).  Nothing in the record—including Defendants' Opposition to Plaintiff's Motion for Summary Judgment (Dkt. No. 72) and Defendants' Response to Plaintiff's Supplement to the Motion for Summary Judgment (Dkt. No. 118)—suggests that Defendants did not execute the Note and Mortgage.  Accordingly, there is no genuine dispute of material fact as to whether Defendants executed the promissory note and mortgage at issue.  *See Ridgewood Bd. of Educ.*, 172 F.3d at 252.

Plaintiff has also provided evidence that Defendants are in default by failing to make payments due under the Note, Mortgage, and subsequent Reamortization Agreement.  The Note indicates that "[f]ailure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument," and that upon any such default, "the Government at its option may declare all or any part of any such indebtedness immediately due and payable."  (Note, Dkt. No. 67-1 at 2).  Plaintiff further submitted a Certificate of Indebtedness dated September 25, 2010, which notes that Maria T. O'Reilly and Kendel G. O'Reilly were in default as of September 20, 1999.  (Certificate of Indebtedness, Dkt. No. 67-5).  Plaintiff subsequently updated its figures in the documents submitted with the Supplement it filed on March 11, 2013.  (*See* Dkt. Nos. 117, 117-1, 117-2).  As stated in the Affidavit of Marilyn Cardoza, the O'Reillys "defaulted on the promissory note, mortgage, and re-amortization and/or deferral agreements," with an adjusted default date of November 20, 2000.  (*See* Cardoza Aff. ¶¶ 3, 6, Dkt. No. 117-1 at 2–3).  According to the Affidavit, Certificate of Indebtedness, and updated Payoff Information Sheet, the O'Reillys' total indebtedness amounted to $194,285.75 as of March 1, 2013, plus interest on the Note of $19.10 per day thereafter.  (*See id.* ¶¶ 1–12, 12(d); Dkt. No. 172-2 at 2).

In their Opposition to Plaintiff's Motion for Summary Judgment (Dkt. No. 72) and their Response to Plaintiff's Supplement to its Motion for Summary Judgment (Dkt. No. 118), Defendants argue that they made payment in the sum of $730.00 to Plaintiff through their bankruptcy proceedings. (*See id.* at 1). However, Defendants have offered no evidence to support this claim. "Legal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109–10 (3d Cir. 1985). Defendants have offered no evidence suggesting that they are not in default under the terms of the Note and Mortgage or any subsequent agreements.

Based on the foregoing, Plaintiff has carried its burden of showing that the O'Reillys are in default under the terms of the Note, Mortgage, and Reamortization Agreement. Defendants have not offered any evidence to the contrary, and have not established that there is a genuine issue of material fact in this regard. Indeed, Defendants have conceded that they have been "unable to keep the payments" due to "unforeseen matter[s]." (Dkt. No. 105 at 1). Accordingly, Defendants have not set forth specific facts showing a genuine issue for trial with respect to whether they are in default under the Note, Mortgage, and Reamortization Agreement. *See Quiroga*, 934 F.2d at 500.

Pursuant to the terms of the Mortgage, upon default by the borrowers, Plaintiff may foreclose the Mortgage, including through foreclosure by sale of the property at public auction. (Mortgage, Dkt. No. 67-2 at ¶ 24). Defendants have not challenged Plaintiff's authority to foreclose on the Property mortgaged as security for the Note, nor have Defendants presented any evidence suggesting that Plaintiff might lack such authority. Accordingly, the Court finds that there is no genuine issue of material fact as to Plaintiff's authority to foreclose on the Property

due to Defendants' default.

In view of the foregoing, the Court finds that there is no genuine issue of material fact with respect to any of the elements of Plaintiff's foreclosure claim, and summary judgment in favor of Plaintiff is appropriate. *See Ridgewood Bd. of Educ.*, 172 F.3d at 252; *see also Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994) ("Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.") (internal quotation marks omitted) (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1137 (5th Cir. 1992)).

### IV. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's Motion for Summary Judgment. An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: June 25, 2013 _____/s/_____
                                                                     WILMA A. LEWIS
                                                                     District Judge